# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH A. ELLSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-008-S |
| | ) | |
| STEVEN BECK, WARDEN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court for its consideration is the Defendants' Steven Beck, Malaya Brooks, Ricky Fritcher and Thomas Sharp's Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed on May 19, 2006.

On January 9, 2006, plaintiff filed his civil rights complaint. At this same time, he also filed a Motion to Proceed in Forma Pauperis. On January 19, 2006, the court granted his request to proceed in Forma Pauperis. On March 1, 2006, the defendants filed a Motion to Stay Proceedings and Request for Order Requiring a Special Report. On March 20, 2006, the court entered an order requiring a Special Report and staying the proceedings. On May 19, 2006, defendants filed a Motion to Dismiss and Motion for Summary Judgment as well as the Special Report. On June 5, 2006, plaintiff filed a response to said motions and Special Report.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). He is currently incarcerated in the Mack Alford Correction Center in Stringtown, Oklahoma.

1

In his civil rights complaint, plaintiff alleges that defendants violated his constitutional rights when they deprived him of access to the courts by use of retaliatory misconduct leading to dismissal of a court case. He further alleges that he suffered retaliation for accessing the court system and defendant prevented him from not completing discovery which resulted in the dismissal of his court case. Finally, plaintiff alleges he also suffered retaliation for his legal activities and defendant Brooks denied him earned credits in retaliation for his legal activities in an arbitrary and capacious manner. As relief, plaintiff seeks actual and punitive damages. He also seeks earned credits.

## STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to

those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

## FINDINGS OF FACT

On or about January 9, 2005, plaintiff submitted a Request to Staff regarding the law clerks visits to the Segregated Housing Unit. Plaintiff did not file any grievance or grievance appeal as is required to exhaust administrative remedies. Plaintiff then submitted a Request to Staff on February 28, 2005, regarding the return of a certain book and documents. Plaintiff did not file any grievance or grievance appeals regarding this Request to Staff as is required to exhaust administrative remedies. Plaintiff submitted a Request to Staff on April 11, 2005, regarding the Department of Corrections procedure as it relates to college credits. Plaintiff did not file any grievance or grievance appeals

regarding this Request to Staff as is required to exhaust administrative remedies.  Plaintiff submitted a Request to Staff on July 5, 2005, regarding earned credits.  Plaintiff did not file any grievance or grievance appeal regarding this Request to Staff as is required to exhaust administrative remedies.  Plaintiff Submitted a Request to Staff on October 4, 2005, regarding opportunities for achievement credits.  Plaintiff did not file any grievance or grievance appeal regarding this Request to Staff as is required to exhaust administrative remedies.

## I.   Exhaustion of Administrative Remedies

DOC has a policy for inmates to file grievances. To exhaust administrative remedies pursuant to DOC's grievance procedure for all claims not involving misconducts, a prisoner within DOC's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority (or to the medical services administrator for medical issues.)  An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official.

Plaintiff is required to exhaust claims prior to bringing litigation.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted the administrative remedies available as to his claims. To exhaust his administrative remedies pursuant to DOC's grievance procedures, a prisoner within DOC's custody is required to not only file a Request to Staff regarding each issue, but also file a grievance to the facility head. He also must properly appeal the facility's grievance response as to each of those issues to the Administrative Review Authority. Plaintiff failed to properly file a grievance in relation to his claims. In addition,

5

plaintiff failed to follow it up with a grievance appeal to DOC's Administrative Review Authority regarding any non-medical issues. Further, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures. Plaintiff simply failed to exhaust his administrative remedies.

Accordingly, the defendants are granted summary judgment as to those claims and the action is dismissed in its entirety.

This court authorized the commencement of this action in Forma Pauperis under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987). Defendants' motion for summary judgment is hereby **GRANTED**. Accordingly, this action is, in all respects, **DISMISSED** as frivolous.

**Dated this 5th Day of February 2007.**

J4h4i0

Frank H. Seay
United States District Judge
Eastern District of Oklahoma